trict of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM: *

Julio Santos–Padilla ("Santos"), also known as Jaime Santiago Guzman–Lopez, appeals the sentence imposed following his guilty plea to illegal reentry. 8 U.S.C. § 1326(a), (b). He argues for the first time on appeal that he is entitled to resentencing because he was sentenced under the mandatory Sentencing Guidelines regime held unconstitutional in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We review this argument for plain error only. *See United States v. Martinez–Lugo,* 411 F.3d 597, 600 (5th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 464, —— L.Ed.2d —— (2005) (No. 05–6242).

Our review of the record does not reveal that the district court's error affected the outcome of the sentencing proceedings. *See United States v. Valenzuela–Quevedo,* 407 F.3d 728, 732–33 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 267, —— L.Ed.2d —— (2005). Because Santos has failed to establish that the error affected his substantial rights, he cannot meet the plain error standard of review. *See id.*

Given that Santos is not entitled to resentencing, we pretermit discussion of the validity of his appeal waiver.

AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Guadalupe HERNANDEZ–RESENDEZ, Defendant–Appellant.**

**No. 05–50159.**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Nov. 9, 2005.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

M. Carolyn Fuentes, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before REAVLEY, GARZA, and BENAVIDES, Circuit Judges.

---

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Jose Guadalupe Hernandez–Resendez raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that a prior conviction is a sentencing factor under 8 U.S.C. § 1326(b)(2) and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

